(Slip Opinion) Cite as: 601 U. S. \_\_\_\_ (2024) 1

NOTICE: This opinion is subject to formal revision before publication in the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# SUPREME COURT OF THE UNITED STATES
_____

No. 22–324
_____

## MICHELLE O'CONNOR-RATCLIFF, ET AL., PETITIONERS *v.* CHRISTOPHER GARNIER, ET UX.

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[March 15, 2024]

PER CURIAM.

In 2014, Michelle O'Connor-Ratcliff and T. J. Zane created public Facebook pages to promote their campaigns for election to the Poway Unified School District (PUSD) Board of Trustees. While O'Connor-Ratcliff and Zane (whom we will call the Trustees) both had personal Facebook pages that they shared with friends and family, they used their public pages for campaigning and issues related to PUSD. After they won election, the Trustees continued to use their public pages to post PUSD-related content, including board-meeting recaps, application solicitations for board positions, local budget plans and surveys, and public safety updates. They also used their pages to solicit feedback and communicate with constituents. Their Facebook pages described them as "Government Official[s]" and noted their official positions. O'Connor-Ratcliff also created a public Twitter page, which she used in much the same way.

Christopher and Kimberly Garnier, who have children attending PUSD schools, often criticized the board of trustees. They began posting lengthy and repetitive comments on the Trustees' social-media posts—for instance, nearly identical

comments on 42 separate posts on O'Connor-Ratcliff's Facebook page and 226 identical replies within a 10-minute span to every tweet on her Twitter feed. The Trustees initially deleted the Garniers' comments before blocking them from commenting altogether.

The Garniers sued the Trustees under 42 U. S. C. §1983, seeking damages and declaratory and injunctive relief for the alleged violation of their First Amendment rights. At summary judgment, the District Court granted the Trustees qualified immunity as to the damages claims but allowed the case to proceed on the merits on the ground that the Trustees acted "under color of" state law when they blocked the Garniers. §1983.

The Ninth Circuit affirmed. It held that §1983's state-action requirement was satisfied because there was a "close nexus between the Trustees' use of their social media pages and their official positions." 41 F. 4th 1158, 1170 (2022). The court cited its own state-action precedent, which holds that an off-duty state employee acts under color of law if she (1) "purports to or pretends to act under color of law"; (2) her "pretense of acting in the performance of [her] duties had the purpose and effect of influencing the behavior of others"; and (3) the "harm inflicted on plaintiff related in some meaningful way either to the officer's governmental status or to the performance of [her] duties." *Ibid.* (citing *Naffe* v. *Frey*, 789 F. 3d 1030, 1037 (CA9 2015); internal quotation marks and alterations omitted). Applying that framework, the court found state action based largely on the official "appearance and content" of the Trustees' pages. 41 F. 4th, at 1171.

We granted certiorari in this case and in *Lindke* v. *Freed*, ___ U. S. ___ (2024), to resolve a Circuit split about how to identify state action in the context of public officials using social media. 598 U. S. ___ (2023). Because the approach that the Ninth Circuit applied is different from the one we have elaborated in *Lindke*, we vacate the judgment below

Per Curiam

and remand the case to the Ninth Circuit for further proceedings consistent with our opinion in that case.

*It is so ordered.*